# EXHIBIT A

COPY

SEP 1 9 2019
CLERK OF THE SUPERIOR COURT
M. PATTERSON
DEPUTY CLERK

Schiffman Law Office, P.C.
David A. Thomson
4506 N. 12th Street
Phoenix AZ 85014
602-230-1999
Fax 602-230-2224
davidt@schiffmanlaw.com
*Attorney for Plaintiff*

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

CHEYENNE ADDISON,

    Plaintiff,

vs.

GEICO CASUALTY COMPANY, a foreign corporation,

    Defendant.

Case No.: CV2019-012845

**COMPLAINT**

Plaintiff Cheyenne Addison alleges:

I.

The Plaintiff, Cheyenne Addison is and at all relevant times was a resident of Maricopa County, Arizona.

II.

The Defendant, GEICO CASUALTY COMPANY ("GEICO"), is a foreign corporation with corporate headquarters in Chevy Chase, Maryland, which has a regional office in Tucson Arizona and which is authorized to transact an insurance business in the State of Arizona by the Director of Insurance of the State of Arizona.

III.

On or about December 6, 2015 Plaintiff Cheyenne Addison, while driving a 2005 BMW Z4 automobile was involved in an automobile accident at or near the intersection of

North Cave Creek Road and East Rose Garden Lane in Phoenix, Maricopa County, Arizona. The accident was caused by the fault of an underinsured driver who made an improper left turn and failed to yield the right of way to Cheyenne Addison. Plaintiff Cheyenne Addison sustained bodily injuries in this accident.

IV.

At the time of the accident described above, Plaintiff Cheyenne Addison was an insured under GEICO automobile insurance policy number 4264944143 issued and delivered to her mother, Patricia Savage Addison by Defendant GEICO, effective until April 19, 2016. In that policy, Defendant GEICO promised to pay their insured's bodily injury damages incurred in excess of the policy limit of the at fault driver, up to the amount of $100,000.

V.

The at-fault driver's insurer, State Farm, paid their bodily injury policy limit of $50,000.00 for Plaintiff Cheyenne Addison's bodily injury claim, but her damages incurred from the accident of December 6, 2015 were underinsured because her damages exceeded the amount paid by State Farm by at least $100,000.00, so Plaintiff submitted an underinsured claim to GEICO for the policy limit of $100,000.00, which amount Defendant GEICO has thus far failed and refused to pay.

VI.

There is an implied duty of good faith and fair dealing in the insurance policy issued by GEICO to Plaintiff and her family. The duty of good faith and fair dealing requires an insurance company to give as much consideration to its insureds' interests as it gives to its own interests when it is investigating, evaluating, and processing the insured's claim, and the

duty of good faith and fair dealing requires an insurance company to not do anything that prevents an insured from receiving the benefits provided by the insurance policy.

VII.

GEICO has violated and breached its duty of good faith and fair dealing by unreasonably failing to promptly pay Plaintiff its underinsured policy limit of $100,000.00 for her underinsured bodily injury damages.

VIII.

As a direct and proximate result of GEICO'S breach of its duty of good faith and fair dealing, the Plaintiff has been damaged in a sum that will be proven at the trial of this matter. These damages include (1) the unpaid benefits of the policy; (2) Attorneys' fees and litigation expenses reasonable incurred by them to obtain the benefits of the insurance policy; (3) monetary loss or damage to credit reputation experienced and reasonable probably to be experienced in the future, and (4) emotional distress, humiliation, inconvenience, and anxiety experienced, and reasonably probable to be experienced in the future.

IX.

Plaintiff is entitled to seek punitive damages against the Defendant.

X.

Because this action arises out of a contract, the Plaintiff is entitled to reasonable attorney fees if she is the prevailing party pursuant to *Ariz. Rev. Stat.* §12-341.01.

3

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. In the sum of $100,000 as special damages for the unpaid benefits of the policy,

2. For reasonable attorney's fees and litigation expenses reasonable incurred by Plaintiff to obtain the benefits of the insurance policy pursuant to common law and *Ariz. Rev. Stat.* §12-341.01.

3. For general damages attributable to monetary loss or damage to credit reputation experienced and reasonable probably to be experienced in the future, and emotional distress, humiliation, inconvenience, and anxiety experienced, and reasonably probable to be experienced in the future.

4. For punitive damages.

5. For costs of suit incurred herein.

6. For interest as provided by law.

7. For such other and further relief as the court finds and proper in the premises.

Respectfully submitted this 19th day of September, 2019.

SCHIFFMAN LAW OFFICE

By _____
David A. Thomson
Attorneys for Plaintiff

4

Case 2:20-cv-00177-DGC   Document 1-3   Filed 01/22/20   Page 6 of 11

**Schiffman Law Office, P.C.**
David A. Thomson
4506 N. 12th Street
Phoenix AZ 85014
602-230-1999
Fax 602-230-2224
davidt@schiffmanlaw.com
*Attorney for Plaintiff*

COPY

SEP 1 9 2019

CLERK OF THE SUPERIOR COURT
M. PATTERSON
DEPUTY CLERK

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

| | |
|---|---|
| CHEYENNE ADDISON,<br><br>    Plaintiff,<br><br>vs.<br><br>GEICO CASUALTY COMPANY, a foreign corporation,<br><br>    Defendant. | Case No.:<br>CV2019-012845<br><br>**CERTIFICATE ON COMPULSORY ARBITRATION** |

The undersigned certifies that he or she knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case is **NOT** subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

Respectfully submitted this 19th day of September, 2019.

SCHIFFMAN LAW OFFICE

By _____
David A. Thomson
Attorneys for Plaintiff

6443894 325-116

STATE OF ARIZONA
DEPT. OF INSURANCE

DEC 18 2019

TIME 11:15 am

SERVICE OF PROCESS

1 **Schiffman Law Office, P.C.**
  David A. Thomson
2 4506 N. 12th Street
  Phoenix AZ 85014
3 602-230-1999
  Fax 602-230-2224
4 davidt@schiffmanlaw.com
  *Attorney for Plaintiff*

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

| | |
|---|---|
| CHEYENNE ADDISON, | Case No.: CV2019-012845 |
| Plaintiff, | |
| vs. | |
| GEICO CASUALTY COMPANY, a foreign corporation, | **SUMMONS** |
| Defendant. | |

THE STATE OF ARIZONA TO THE DEFENDANT:

GEICO CASUALTY COMPANY,

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable in this action in this court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona- whether by direct service, by registered or certified mail, or by publication- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of 40 days after the date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the filing of the receipt and affidavit of service with the court. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's return. RCP 4; ARS Sections 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

1  YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing
2  fee, within the time required, and you are required to serve a copy of the Answer or response upon the plaintiff's attorney. RCP 10(d); ARS Section 12-311; RCP 5.

3  Requests for reasonable accommodation for persons with disabilities must be made to the
4  division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

5  The name and address of the plaintiff's attorney is: David A. Thomson, Schiffman Law
6  Office, P.C., 4506 N. 12th Street, Phoenix AZ 85014

7
         SIGNED AND SEALED this date:
8
                          Clerk:
9
10
                          By:
11                              Deputy Clerk
12

*[Court Seal — Superior Court Maricopa; Clerk of the Superior Court, M. Patterson, Deputy Clerk; SEP 19 2019; COPY stamp]*

2







DEC 2 3 2019
J. Castller

**ARIZONA DEPARTMENT OF INSURANCE**
100 North 15th Avenue, Suite 102
Phoenix, Arizona 85007-2624

9489 0090 0027 6152 2809 69

GEICO CASUALTY COMPANY
3050 S MARTIN LUTHER KING JR. WAY
TUCSON, AZ 85713